CARPENTER, Respondent, v. FARMERS MUTUAL INSURANCE COMPANY OF WISCONSIN, Appellant.

*January 6—February 3, 1959.*

For the appellant there were briefs by *Lehman & Seymour* of Elkhorn, and oral argument by *Robert F. Lehman*.

For the respondent there was a brief by *Burlingame, Gibbs & Roper* of Milwaukee, and oral argument by *Richard S. Gibbs.*

BROWN, J.   This is entirely a fact question.   If there is any credible competent evidence to sustain the verdict the verdict must be affirmed.   The identical questions now submitted to us were presented by defendant to the trial judge on motions after verdict, which motions the judge denied. The rule of law which we stated in *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 109, 62 N. W. (2d) 549, 63 N. W. (2d) 740, applies now:

> "It is the well-recognized rule that when a jury's findings are attacked, particularly when they have had the trial court's approval, our inquiry is limited to the issue whether there is any credible evidence that, under any reasonable view, supports such findings.   With the rule in mind we consider that it is necessary to recite only the testimony which supports the jury's findings.   Some of it is in dispute, but as to the disputed testimony we must recognize that it was for the jury to determine where the truth lies."

A windstorm took place on the night of April 3d and daylight revealed that many branches were torn from trees by wind which occurred that night.   One tree six inches in diameter was split in half.   Highways were littered with branches and the highway officials had men out to clean up the debris.   This destruction occurred in the barn's immediate neighborhood.

The barn had not been used recently and was somewhat dilapidated.   Witnesses who had acted as caretakers of the plaintiff's farm and barn frequently observed the barn, particularly within five days prior to the storm.   They had not then seen or noticed the damage which was apparent to them after the storm.   The day after the storm these witnesses ob-

served that the wooden superstructure was shifted on its stone foundation and the wall of the barn was bowed in the direction in which the wind had blown. The foundation itself was shifted about two feet and the sills were pulled with the barn.

There was only light rain during the night, insufficient to compel the jury to attribute the damage to water undermining the foundation and in that way cause its collapse rather than to ascribe it to the windstorm.

We consider that the record presents evidence and reasonable inferences from the evidence to sustain the verdict that the damage to the barn was caused by wind.

Plaintiff's expert, an appraiser from another insurance company, had appraised the barn at $6,000 in the fall of 1955. The insurance agent of the defendant inspected the barn when this policy was written, June 5, 1953, and approved it for wind insurance at $3,000. The expert appraiser for defendant placed the value just before the storm at $1,600 or $1,500. After the storm the barn was not worth repairing, nor was there any salvage value.

The jury heard the evidence of its value of $6,000 some six months before the storm. It also heard the evidence of its recent prestorm condition. The credibility and weight of the evidence are matters for the jury and the evidence of value sustains this answer in the verdict.

*By the Court.*—Judgment affirmed.