Fairchild, J.
 

 1.
 
 Form of order.
 
 The order granting a new trial did not state that the damage awards were “excessive.” Thus, it did not literally specify the statutory ground upon which it was apparently based. Sec. 270.49 (2), Stats.;
 
 Boughton v. State Farm Mut. Automobile Ins. Co.
 
 (1959), 7 Wis. (2d) 618, 620, 97 N. W. (2d) 401. The only motions by defendants appear to have been based upon a claim that the damages were excessive, and the court orally stated that they were excessive. Plaintiffs have not relied here upon any deficiency in the form of the order, and concede that it was based on a finding that the awards were excessive. Under these circumstances, we shall treat the order as if expressly grounded upon such a finding.
 

 2.
 
 The standard to be applied in reviewing a jtiry verdict on damages.
 
 The problem of achieving fairness in assessing
 
 *42
 
 damages for personal injury is fraught with difficulty. Theoretical nicety is impossible. Under our judicial system, we rely primarily upon the good sense of jurors to determine the amount of money which will compensate an individual for whatever loss of well-being he has suffered as a result of injury. The general rule governing the trial judge or appellate court in determining whether damages are excessive on the basis of the amount found is stated in 15 Am. Jur., Damages, pp. 621, 622, sec. 205, quoted with approval in
 
 Bethke v. Duwe
 
 (1950), 256 Wis. 378, 384, 41 N. W. (2d) 277, as follows:
 

 “In actions sounding in damages merely, where the law furnishes no legal rule for measuring them, the amount to be awarded rests largely in the discretion of the jury, and with their verdict the courts are reluctant to interfere. As shown elsewhere, a verdict may be set aside as excessive by the trial court or on appeal when, and not unless, it is so clearly excessive as to indicate that it was the result of passion, prejudice, or corruption, or it is clear that the jury disregarded the evidence or the rules of law. . . .
 

 “Since it is for the jury, and not for the court, to fix the amount of the damages, their verdict in an action for unliquidated damages will not be set aside merely because it is large or because the reviewing court would have awarded less. Full compensation is impossible in the abstract, and different individuals will vary in their estimate of the sum which will be a just pecuniary compensation. Hence, all that the court can do is to see that the jury approximates a sane estimate, or, as it is sometimes said, see that the results attained do not shock the judicial conscience.”
 

 We should add to the statement just quoted that there are cases where the amount of an award may not indicate prejudice, perversity, or corruption, yet is too large to be supported by the evidence.
 
 Blong v. Ed. Schuster & Co.
 
 (1956), 274 Wis. 237, 242, 79 N. W. (2d) 820;
 
 Blaisdell v. Allstate Ins. Co.
 
 (1957), 1 Wis. (2d) 19, 24, 82 N. W. (2d) 886. A jury may mistakenly assume (without supporting evi
 
 *43
 
 dence) that there have been, or will be certain effects from an injury or fix compensation for sufficiently proved effects of injury at a figure which is beyond the range of reasonably debatable amounts. In a case where it is clear to the court that the amount awarded must necessarily reflect an allowance for the effects of injury not sufficiently proved or reflect a rate of compensation which is beyond reason, the court will, declare the damages excessive. Where the question is a close one, it should be resolved in favor of the verdict.
 

 If the jury awards to Barbara and Ann in the instant case were before us with the approval of the trial court, we would see no reason for setting them aside. Neither the amount nor any other circumstance indicates prejudice or perversity. Presumably, the jury’s awards to both girls included some substantial amount for the frightening experience of the collision, and its immediate aftermath. Because they are little, the girls probably have lost, or.will lose all conscious memory of the experience, but their suffering was real. In Barbara’s case, the jury doubtless awarded some amount for the pain and discomfort of the broken leg, the discomfort of wearing the cast, the impairment of her activities because of the cast and the limp, which existed for a time, and the scar on the lower part of her leg. In Ann’s case, the jury must have included a substantial amount because of its appraisal of the effect the facial.scars would probably have throughout her life, and the fact that one of them would be discolored and somewhat noticeable unless repaired at some expense and with some attendant discomfort. After considering the injuries and effects as disclosed by the record, the amounts awarded do not “shock the judicial conscience” as far as this court is concerned.
 

 We do, however, have a different task, and must approach it from a different point of view because of the fact that the trial judge determined that the awards were excessive. The trial judge has an advantage over the appellate court in
 
 *44
 
 that he not only sees and hears the testimony, which we can only read from the transcript, but he also' has the same opportunity to observe the injured person as does the jury. In this case, for instance, he has seen the scars, and has his own opinion as to how serious their effect can reasonably be expected to be in the future lives of the infant plaintiffs. Because of the advantage of personal observation enjoyed by the trial judge, the rule has been evolved that where a trial court determines that damages are excessive, and orders a new trial for that reason, his order will be reversed and directions given by this court to enter judgment on the verdict only if we find an abuse of discretion on the part of the trial court.
 
 Boughton v. State Farm Mut. Automobile Ins. Co., supra; Puhl v. Milwaukee Automobile Ins. Co.
 
 (1959), 8 Wis. (2d) 343, 350, 99 N. W. (2d) 163.
 

 3.
 
 Damage award as to Barbara.
 
 In setting aside the jury’s award of $1,500 for Barbara’s injuries, the trial court found that $1,000 was the lowest amount a fair and impartial jury would have awarded.
 
 *
 
 Since the evidence convinced the trial court that $1,000 was the lowest amount a fair and impartial jury would have awarded, it seems clear to us that an award of $1,500 cannot be said to shock the judicial conscience, reflect an assumption of unproved effects of injury, or reflect a rate of compensation beyond reason. We conclude that the trial court did not follow the correct rule in determining whether the damages were excessive. It is well known that the opinions of reasonable, well-informed, and honest people as to the amount to be awarded to compensate for injury will vary over a wide range, and it does not seem to us possible to say at one and the same time that $1,000 was the lowest amount which a jury would
 
 *45
 
 probably award for Barbara’s injuries, and that $1,500 was excessive. Therefore, we conclude that the order for a new trial as to Barbara’s claim should be reversed.
 

 4.
 
 Damage award as to Ann.
 
 This situation is somewhat different from the award as to Barbara. The difference between $1,000 fixed by the court as the lowest amount a fair and impartial jury would award, and the $2,000 awarded by the trial jury is substantial, both in amount and percentage. It should also be considered that a great part of the award was undoubtedly for the scars which the trial judge has seen, and we have not. Unlike the situation with respect to Barbara, we do not feel that we can say that the trial court applied the wrong rule, or abused its discretion in the action which it took.
 

 As noted above, when the trial court issued its order for a new trial, and set the amount which Ann had the option to accept in lieu of a new trial, this court had not yet decided the
 
 Powers Case
 
 (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393. Therefore, plaintiff Ann has not had the benefit of the fixing of an option by the trial court at “such sum as the court shall determine is the reasonable amount of plaintiff’s damages.”
 
 Powers v. Allstate Ins. Co., supra,
 
 page 92. This figure may well be in excess of the figure which the court felt constrained by previous decisions of this court to fix at the least amount that an unprejudiced jury, properly instructed, would probably assess under the evidence. Therefore the trial court should determine the amount it considers a fair and reasonable award under the evidence, and should modify the option given to plaintiff Ann in its original order so that she shall have the option of taking judgment for that amount with costs and disbursements in lieu of a new trial.
 

 By the Court.
 
 — In so far as the order appealed from grants a new trial as to the damages sustained by Barbara
 
 *46
 
 Makowski, it is reversed, and cause remanded with instructions to enter judgment in her favor upon the verdict.
 

 In so far as the order gives plaintiff, Ann Makowski, the option of accepting $1,000 as damages in lieu of a new trial, the order is reversed and cause remanded' with instructions to insert in the option such sum as the court' determines to be a fair and reasonable award under the evidence. In all other respects, the order is affirmed.
 

 Hallows, J., took no part.
 

 *
 

 This order was entered before our decision in
 
 Powers v. Allstate Ins. Co.
 
 (1960), 10 Wis. (2d) 78/ 102 N. W. (2d) 393, changing the standard as to the amount the plaintiff is to have the option to accept in lieu of a new trial.