BAUMGARTEN, Plaintiff and Appellant, v. JONES, d/b/a JONES TRUCKING COMPANY, and others, Defendants: O'KEEFE and another, Defendants and Respondents.*

*February 5—March 2, 1965.*

\* Case previously reported in 21 Wis. (2d) 467.

For the appellant there was a brief and oral argument by *John E. Esler* of Kaukauna.

For the respondents there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *H. R. Klueter*.

BEILFUSS, J. The issue before us is whether the trial court abused its discretion in (1) finding the jury award of $4,500 for personal injuries was excessive, and (2) in fixing $3,000 as a reasonable measure for such damages.

As we stated in *Olson v. Siordia* (1964), 25 Wis. (2d) 274, 284, 130 N. W. (2d) 827:

"In reviewing the actions of the trial court as to damage verdicts, the rules are set forth in *Boodry v. Byrne* (1964), 22 Wis (2d) 585, 588, 589, 126 N. W. (2d) 503, as follows:

" 'Where a trial court has reviewed the evidence and has found a jury verdict awarding damages to be excessive and has fixed a reduced amount therefor, and has determined that there should be a new trial on damages unless the plaintiff exercises an option to take judgment on the reduced amount, this court will reverse only if we find an abuse of discretion on the part of the trial court. *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 571, 117 N. W. (2d) 660, and cases cited therein.

" 'In reviewing the evidence to determine whether the damages are excessive both the trial court and this court must view the evidence in the light most favorable to plaintiff. *Kincannon v. National Indemnity Co.* (1958), 5 Wis. (2d) 231, 233, 92 N. W. (2d) 884. The trial court, however, is not required to search out one or several isolated pieces of testimony, which standing alone might sustain the damages found by the jury, but rather must review all the evidence

bearing on damages and then, viewed reasonably as a whole, consider the same in the light most favorable to the plaintiff. On appeal from a determination by the trial court that the found damages were excessive, this court will not find an abuse of discretion if there exists a reasonable basis for the trial court's determination after resolving any direct conflicts in the testimony in favor of plaintiff.' "

A review of the evidence in this case reveals that the plaintiff at the time of the accident, on November 12, 1960, was thirty-five years of age. He testified that as a result of the accident he was knocked unconscious and remained so for two or three days, and suffered headaches for two or three months thereafter; and that these headaches continue to persist off and on. He sustained a lacerated ear, some minor cuts to the chin, both cheeks, and knees. He stated that his teeth had been injured, and as a result two had been pulled and one had to be capped. His shoulder hurt for a time but the pain was gone at the time of trial. His chest hurt him for a period of time. He testified to difficulty with his left knee in that it was weak and bothered him at work. He was taken to the hospital and released on the third day. He was off his regular occupational work for one week. He states that he could not do his farmwork for a period of three to three and one-half months, but hired someone to do the work for him.

He was attended at the hospital by Dr. Hale, of Appleton, and Dr. Hale sutured the ear. Dr. Hale's bill was $25. The hospital charge was $67.35. His wage loss was $107.12.

The only doctor who testified in his behalf was Dr. Bachhuber. He saw the plaintiff four days after the accident, on November 16th, after his release from the hospital. The doctor testified that the history he received was that the plaintiff was unconscious until the next morning. He diagnosed his injury as a contusion to the left knee, with abrasion; that the knee bothered him when walking but

was improving; that he had a laceration over his left ear which was healing; and that all of the sutures had been removed but one. This was removed two days later, at which time the plaintiff was feeling O. K. The wound to the ear had healed. There was some swelling and stiffness in the knee. He did not see him again until almost six months later, on May 11, 1961. The knee had improved, but still troubled him. X rays were had on May 15, 1961, and revealed no apparent bone injury but indicated some arthritic changes which the doctor diagnosed as traumatic arthritis. He saw him again on May 31st and injected the knee with hydrocortisone. He saw him again on June 7th and the knee was considerably better and less swollen. Another injection was administered. He was again seen on June 21st, and the knee continued to improve, and the third injection was administered and two CC's of fluid were aspirated from the knee. On July 12, 1961, he saw him again, and the knee had improved and the swelling and soreness were gone. There was very little crepitus on movement. There seems to be a slight thickening of the knee. The patient was advised that there was a tendency that the condition to his knee might recur.

About a month or two before the trial a small white cyst appeared on the left ear, which was evacuated after puncture. There is a likelihood of a recurrence of the cyst.

The doctor, on questioning, testified that "it would seem he must have had a concussion, with the resulting headaches." On cross-examination the doctor testified that the plaintiff had never complained to him about headaches. The plaintiff had disclosed in his history to the doctor that he had no headaches, no nausea or vomiting following the accident.

In November, 1960, when he first saw him, Dr. Bachhuber did not treat the plaintiff's knee. The plaintiff was simply advised to use hot applications and take reasonable care of his

knee. The doctor admitted that arthritis could occur without trauma. He thought he could distinguish between traumatic and hypertrophic arthritis. He made no X ray comparison with the right knee. There was never any complaint about loss of hearing until the morning of trial.

Dr. Mielke testified on behalf of the defendants that he found two minor scars on the left knee and a third one a little lower down, which was about an inch long and a quarter of an inch wide; that motion of the knee was entirely normal; that inspection of the knee was normal; that circumferences of the calf and thigh muscles on both sides were equal; that there was no atrophy or wasting of the muscles; that plaintiff was able to walk normally, able to hop around the room on one foot, able to sit on his heels, and pursued the exercises without any voluntary expression of pain. Both knees were X rayed, from front to back and from the sides, and a comparison of the X rays showed no difference in the knees, nor were there any bony or cartilaginous changes observed. Both knees looked normal to Dr. Mielke. It was his opinion that there was no traumatic arthritis. He considered that traumatic arthritis might develop when the cartilage covering the bone in the knee had been fractured with a resulting distortion of the coverage.

This then in substantial detail contains the record of evidence relating to the injuries to this plaintiff. Dr. Hale was not called and no excuse made for his absence. The dentist who allegedly took care of plaintiff's teeth was not called and no excuse was made for his absence.

We conclude that the learned and able trial judge did not abuse his judicial discretion in determining the award of $4,500 for personal injuries suffered by the plaintiff was excessive. While it is possible the plaintiff may have sustained the injuries he claimed so as to justify an award of $4,500, awards for damages must be based upon proof of

probabilities so as to take the awards out of the field of speculation and conjecture.

The rule stated in *Makowski v. Ehlenbach* (1960), 11 Wis. (2d) 38, 42, 103 N. W. (2d) 907, applies to the facts of this case:

"A jury may mistakenly assume (without supporting evidence) that there have been, or will be certain effects from an injury or fix compensation for sufficiently proved effects of injury at a figure which is beyond the range of reasonably debatable amounts. In a case where it is clear to the court that the amount awarded must necessarily reflect an allowance for the effects of injury not sufficiently proved or reflect a rate of compensation which is beyond reason, the court will declare the damages excessive."

Upon review of a reasonable amount awarded to an injured party in lieu of a new trial because of the trial court's superior position to view the witnesses and evidence as presented, our inquiry is limited to a determination of whether the amount awarded is within reasonable limits.

From the facts presented above, we conclude that an award of $3,000 for the personal injuries suffered by the plaintiff is within reasonable limits and, therefore, not an abuse of discretion by the trial court. The order of the trial court must be affirmed.

*By the Court.*—Order affirmed. Plaintiff to have ten days from the date our remittitur is received by the clerk of circuit court to exercise the option granted.